UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20108- JEM

UNITED STATES OF AMERICA

vs.

ROSCOW STRACHAN,

      **Defendant.**

_____/

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A.    1.    The government is unaware of any written or recorded statements made by the defendant.

       2.    No defendant testified before the Grand Jury.

       3.    The defendant's prior criminal record, if any exists, will be made available upon receipt by this office.

       4.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 700. Please call the undersigned to set up a date and time that is convenient to both parties. Please call the undersigned with 48 hours' notice if you intend to review the evidence.

B.    DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v.</u>

1

|      |                                                                                                                                                                                                                                                                                                                              |
| ---- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|      | Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). |
| D.   | The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). |
| E.   | The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. |
| F.   | No defendant was identified in a lineup, show up, photo array or similar identification proceedings. |
| G.   | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H.   | The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence. |
|      | You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I.   | The defendants are not aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518. |
| J.   | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.   | Contraband/narcotics were seized in this investigation. |
| L.   | The government does know of an automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M.   | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendants. |

N.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

O.  The government is available for a pretrial discovery conference as required by Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o). While the government and defense counsel have already discussed a timetable and procedures for pretrial discovery via email, should defense counsel wish to discuss these matters further or in person, please contact the undersigned with dates that defense counsel is available.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

On March 28, 2025, the government mailed one hard drive comprising this first discovery response to Attorney Ashley Kay, counsel for STRACHAN. A discovery index of the items in this first discovery response have been provided separately to counsel of record.

The items provided in this first discovery response were indexed and divided into folders and the folder categories are listed below:

- NCIC;
- photos;
- investigative documents;
- official reports; and
- videos.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY:  /s/ Jeremy C. Fugate
Jeremy C. Fugate
Assistant United States Attorney
Court ID No. A5503295
99 Northeast Fourth Street
Miami, Florida 33132-2111
Tel: (305) 961-9424
Email: Jeremy.Fugate@usdoj.gov

cc:  Special Agent Dianel J. De Armas
FBI – Case no 25-20108-JEM

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below in the manner specified.

                                                    /s/ *Jeremy C. Fugate*
                                                    Jeremy C. Fugate
                                                    Assistant United States Attorney

## SERVICE LIST

| Party | Counsel |
|---|---|
| Ashley Kay | Ashley Kay<br>Assistant Federal Public Defender<br>150 West Flagler Street, Suite 1700<br>Miami, FL 33130<br>(305) 530-7000<br>Ashley_Kay@fd.org<br>**via Notice of Electronic Filing generated by CM/ECF** |